TOM PETRUS & MILLER LLLC

RICHARD B. MILLER     3729-0
Tel (808) 792-5855
rmiller@tpm-hawaii.com
ASHLEY R. SHIBUYA     10200-0
Tel (808) 792-5804
ashibuya@tpm-hawaii.com
THURSTON A. KINO     11558-0
Tel (808) 792-5827
tkino@tpm-hawaii.com
Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii 96813
Facsimile: (808) 792-5809

Attorneys for Plaintiff
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>CLA YOO and SALON BY YOO LLC,<br><br>    Defendants. | CIVIL NO. CV _____<br>(Declaratory Judgment)<br><br>COMPLAINT FOR DECLARATORY JUDGMENT; SUMMONS; |

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), by and through its counsel, Tom Petrus & Miller, LLLC, for its Complaint against the above-named defendants alleges and avers as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois.

2. Defendant Cla Yoo ("Yoo") is and was, at all times relevant hereto, a resident of the City and County of Honolulu, State of Hawai'i. Defendant Salon by Yoo, LLC ("Salon") is a Domestic Limited Liability Company registered in the State of Hawaii with its principal place of business in Honolulu, Hawaii.

3. There is complete diversity of citizenship between the parties, and the amount in controversy herein exceeds $75,000.

4. State Farm brings this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 asking this court to determine, as a matter of law, that State Farm has no duty to defend and/or indemnify the Defendants under that certain State Farm Car Policy identified below for any claims asserted against the Defendants arising out of the fatal auto accident described below.

5. There is an actual and continuing controversy between State Farm and

the Defendants.

6. All or a substantial portion of the events giving rise to this action occurred within the City and County of Honolulu, State of Hawai'i.

7. Venue lies in this court pursuant to 28 U.S.C. § 1391.

## THE UNDERLYING ACCIDENT

8. On or about November 27, 2024, Yoo struck and killed moped rider Joseph Koa (not a party hereto) on Kapiolani Boulevard, Honolulu, while Yoo was driving home in her personally owned Porsche auto (the "Underlying Accident"). At the time of the accident, Yoo solely owned the Porsche auto, which was insured under that certain State Farm Car Policy, No. 109 5217-A03-51C, which was issued to Cla Yoo as the named insured and which carried bodily injury policy limits in the amount of $250,000.00 (the "Porsche Policy"). The parties agree that the Porsche Policy limits have been tendered to the decedent's estate, such that the Porsche Policy is not in dispute in the instant action.

9. Also on the date of the underlying accident, Salon by Yoo, LLC was the named insured under a separate State Farm Car Policy, No. 104 1999-F01-51, which was issued as a business car policy and which did not specifically identify any listed autos. Rather, under the section of the declarations page entitled "Your Car", the entry states "Nonowned" (hereafter the Business Car Policy").

10. Cla Yoo was the sole member of defendant Salon by Yoo, LLC on the

date of accident.

11. The Business Car Policy carried bodily injury policy limits of $1 million per person on the date of the Underlying Accident.

12. No lawsuit has been filed as of the instant date arising out of the Underlying Accident. However, the decedent's estate has retained counsel who has inquired as to the availability of bodily injury liability insurance limits.

13. The Defendants contend that the Business Car Policy liability limits of $1 million apply to the accident. State Farm contends that the Business Car Policy does not apply since Cla Yoo did not qualify as an insured under the Business Car Policy at the time of accident and since Cla Yoo was not operating a "nonowned auto" at the time of accident.

14. There is an actual and continuing controversy between State Farm and the Defendants as to the Defendants' entitlement to coverage and/or defense and/or indemnity under the Business Car Policy with respect to any claims arising out of the Underlying Accident.

THE BUSINESS POLICY

15. The Salon Car Policy was written on Policy Form 9851A which provided as follows:

**THIS POLICY**
\* \* \*

3. We agree to provide insurance according to the terms of

this policy:

a. based on payment of premium for the coverages chosen; and

b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:

(1) The named insured shown on the Declarations Page is the sole owner of **your car.**

4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:

a. the statements in 3.b. above are made by such named insured or applicant and are true; and

b. we provide this insurance on the basis those statements are true.

\* \* \*

## DEFINITIONS

We define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

*You* or *your* mean the named insured or named insureds shown on the Declarations Page.

*Person* means a human being.

*Your Car* means the vehicle shown under "Your Car" on the Declarations Page. *Your Car* does not include a vehicle that you no longer own or lease.

\* \* \*

**LIABILITY COVERAGE**

*Additional Definitions*

**Insuring Agreement**

5

> 1. *We* will pay:
> a. damages, including punitive or exemplary damages, an *insured* becomes legally liable to pay because of:
>> (1) *bodily injury* to others; and
>> (2) damage to property
>
> caused by an accident that involves a vehicle for which the that *insured* is provided Liability Coverage by this Policy.
>
> b. attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages.

* * *

16. The Policy included Endorsement 6030ED, entitled "**Business** Named Insured." The endorsement stated as follows:

> This endorsement is part of the policy. **Because of the type of named insured shown on the Declarations Page of this policy and the changes made below, all references to** *resident relatives* **and** *non-owned cars* **in the policy are deleted.** Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.
>
> *Insured* means:
> 1. *you* for:
>> a. The ownership, maintenance, or **use** of:
>>> (1) *your car*,
>>> (2) *a newly acquired car,* or
>>> (3) a *trailer*, and
>>
>> b. The maintenance or *use* of a
>>> (1) a *rental car;*
>>> (2) a *temporary substitute car* . . .
>
> 2. any *person* for his or her *use* of;

6

      a. *your car*,

      b. a *newly acquired car*,

      c. a *temporary substitute car*, or

      d. a *rental car* used with your express permission; and

      e. a **trailer** while attached to a **car** described ... above….

17. Another endorsement was appended to the Business Car Policy: Endorsement 6165CA, entitled "Employers **Non**-**Owned Car** Liability Coverage." It verified that the endorsement was a part of the policy and that "[e]xcept for the changes [the] endorsement makes, all other provisions of the policy remain the same and apply to this endorsement." It provided in relevant part:

**1. DEFINITIONS**

*Non-Owned Car* is changed to read:

*Non-Owned-Car* means:

    1. a land motor vehicle designed for **use** primarily on public roads;

            \*   \*   \*

*Non-Owned Car* does not include any vehicle that is:

    1. *owned by you*; or
    2. used under contract on *your* behalf or loaned to *you*. . .

*Insured* means:

    1. *you* for the *use* of a *non-owned car* in *your* business; and

    2. any other *person* or organization vicariously liable for the *use* of a *non-owned car* in *your business* by an *insured* as defined in item 1 above, but only

7

for such vicarious liability.

**Insured** does not include:

1. the owner of a **non-owned car**, or
2. the United States of America or any of its agencies.

## STATEMENT OF CLAIMS

18. State Farm realleges and incorporates herein by reference the allegations in Paragraphs 1-17 of this Complaint.

19. The Business Car Policy does not provide defense and/or indemnity coverage to Yoo and/or the Salon for the claims arising out of the Underlying Accident in that Yoo was operating her personally owned and insured Porsche auto at the time of accident, such that she did not qualify as an insured under the Business Car Policy at that time.

20. The Business Car Policy does not provide defense and/or indemnity coverage to Yoo and/or the Salon for the claims arising out of the Underlying Accident in that Yoo was operating her personally owned Porsche auto at the time of accident, such that the Porsche did not qualify as a "Non-Owned Car" under the Business Car Policy.

Wherefore, State Farm prays for relief as follows:

A. For a binding declaration that State Farm has no duty to defend and/or indemnify Yoo and/or the Salon for any claims that may be asserted against them arising out of the Underlying Accident.

8

B. For attorney's fees, cost of suit and such other relief as the Court may deem appropriate under the circumstances.

DATED:  Honolulu, Hawaii, August 13, 2025.

/s/ Richard B. Miller
RICHARD B. MILLER
ASHLEY R. SHIBUYA
THURSTON A. KINO

Attorneys for Plaintiff
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Case 1:25-cv-00346-LEK-WRP    Document 1    Filed 08/13/25    Page 10 of 10  PageID.10